UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MARY HOLLOWAY,

                              Plaintiff,

                 v.

OFFICER DAVID JOSEPH,

                         Defendant.

_____

DECISION & ORDER

10-CV-6470P

       On July 10, 2012, this Court denied plaintiff Mary Holloway's motion for summary judgment.  (Docket # 43).  Now pending before the Court is Holloway's motion for reconsideration of that decision.  (Docket # 45).  Specifically, Holloway again contends that there was no probable cause for her arrest.

       As I set forth in my bench decision on Holloway's motion for summary judgment, familiarity with which is assumed, Holloway asserted in her complaint claims for malicious prosecution, false arrest and false imprisonment against Rochester Police Officer David Joseph in connection with her arrest on September 6, 2007 for second degree harassment under New York Penal Law § 246.26.  (Docket # 44).  Holloway's arrest arose from a complaint from a neighbor, James Ferguson, with whom she asserts she had been having an ongoing dispute.  Ferguson allegedly complained that Holloway had thrown a glass bottle at him from her vehicle.  I dismissed Holloway's motion for summary judgment on the ground that she had not established that Officer Joseph lacked probable cause to arrest her.

       "The standard for granting [a motion to reconsider] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that

the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).  If the moving party presents no legal authority or facts that the court failed to consider, then the motion to reconsider should be denied.  *Id.* ("a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided").

In asking the Court to reconsider, Holloway again challenges the existence of probable cause for her arrest.  (Docket # 45).  Specifically, Holloway explains that Joseph initially charged her under Section 240.26(3), but that the state court judge dismissed charges against her under Section 240.26(1).  Indeed, a review of the record reveals that in the original criminal complaint, Holloway was charged under Section 240.26(3), but the order of dismissal recites Section 240.26(1).  (*Compare* Docket # 36 at 10 *with* Docket # 45 at 4).  Accordingly, Holloway argues that there was no probable cause for charges against her under the first subsection of the statute.

As I stated in my earlier decision, in order to bring a claim for malicious prosecution or false arrest under New York law, a plaintiff must prove, *inter alia*, that there was no probable cause for her arrest.  *See*, *e.g.*, *Rothstein v. Carriere*, 373 F.3d 275, 282 (2d Cir. 2004); *Jocks v. Tavernier*, 316 F.3d 128, 134-35 (2d Cir. 2003).  Probable cause exists when an officer has knowledge of reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Curley v. Vill. of Suffern*, 268 F.3d 65, 69-70 (2d Cir. 2001) (internal quotation omitted).  The statute with which Holloway was charged reads:

2

A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:

> (1) He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, *or attempts or threatens to do the same*; or
>
> (2) He or she follows a person in or about a public place or places; or;
>
> (3) He or she engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose.

N.Y. Penal Law § 240.26 (emphasis provided).

Holloway contends that Joseph did not have probable cause under the first subsection to believe that she had struck, shoved or kicked or otherwise subjected Ferguson to physical contact, or threatened or attempted to engage in those acts.  Here, Ferguson's complaint alleged that Holloway had thrown a glass bottle at him, but that the bottle had not struck him. Under Section 240.26, physical contact need not be bodily contact.  *See*, *e.g.*, *People v. DiBrino*, 841 N.Y.S.2d 827 (Just. Ct. 2007) (throwing an envelope was sufficient to support harassment charge under statute; "[d]irect bodily contact was not necessary"); *People v. Carlson*, 705 N.Y.S.2d 830, 835 (Crim. Ct. 1999) (spitting on victim was offensive physical contact). Moreover, attempted physical contact is sufficient.  *See People v. Bartkow*, 96 N.Y.2d 770, 772 (N.Y. 2001) ("[t]he crux of [harassment in the second degree] is the element of physical contact: actual, attempted, or threatened").  In sum, I adhere to my view that Joseph had probable cause to believe, based on the complaint, that Holloway had violated the statute, whether charged under subsection (1) or (3).

For the reasons stated above, I decline to reconsider my decision and Holloway's

motion to reconsider **(Docket # 45)** is **DENIED**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
August   10   , 2012

4